60387/00040464

HEARING DATE: February 24, 2009, at 10:00 a.m. prevailing Eastern time
OBJECTION DEADLINE: February 21, 2009, at 4:00 p.m. prevailing Eastern time

Jay B. Itkowitz (JBI-5349)
Simon W. Reiff (SR-2356)
ITKOWITZ & HARWOOD
305 Broadway, 7th Floor
New York, New York 10007
(212) 822-1400
jitkowitz@itkowitz.com
sreiff@itkowitz.com

*Attorneys for Creditor*
*Super Nova 330 LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
In re:                                                        :    Chapter 7
                                                              :
Association of Graphic Communications, Inc.                   :    Case No. 07-10278 (BRL)
                                                              :
                            Debtor.                           :
-------------------------------------------------------------X

**DECLARATION OF JAY B. ITKOWITZ IN SUPPORT OF SUPER NOVA'S MOTION
FOR ADMINISTRATIVE EXPENSES PURSUANT TO § 365(D)(3) OF THE
<u>BANKRUPTCY CODE ARISING FROM A COMMERCIAL LEASE</u>**

JAY B. ITKOWITZ, an attorney licensed to practice law in the state and federal courts of New York, hereby declares upon penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is correct and true:

1. I am the founding partner of Itkowitz & Harwood, which has been retained by Super Nova 330 LLC (**"Super Nova"**) to handle all matters pertaining to the above-captioned bankruptcy proceeding. I am familiar with the facts and circumstances of this matter.

2. I submit this declaration in support of Super Nova's motion (the **"Motion"**) for administrative expenses pursuant to Title 11 of the United States Code (the **"Bankruptcy Code"** or **"Code"**), arising from the rejection of a lease for nonresidential real

property, which lease is dated February 10th, 1992, between Four Star Holding Company c/o David Yagoda, predecessor-in-interest to Super Nova, as landlord, and Association of the Graphic Arts, Inc., predecessor-in-interest to Association of Graphic Communications, Inc. (**"Debtor"**), as tenant, as amended by a Lease Modification and Extension Agreement dated February 11, 2002 (the **"Lease"**), for a portion of the 9th Floor (the **"Premises"**), in the building known as 330 Seventh Avenue, in New York, New York (the **"Building"**).

3. As indicated below, Super Nova is entitled to payment in the amount of **$67,336.56**, with prejudgment interest, as an administrative expense of the estate pursuant to § 365(d)(3) of the Bankruptcy Code. That amount is equal to the sum of $51,989.46 (the **"Post-Petition Arrears"**), the arrears arising after February 2, 2007 (the **"Petition Date"**) and prior to April 24, 2007 (the **"Eviction Date"**), when Super Nova finally regained possession of the Premises, plus attorneys' fees (**"Attorneys' Fees"**) incurred during that period.[1]

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408-09. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

5. This Motion is brought pursuant to § 365(d)(3) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(6), 9013, and 9014, and Local Bankruptcy Rules 2002-1 and 9013-1.

6. The facts underlying the instant motion are contained herein, in the annexed Affidavit of Alphie Toro in Support of Super Nova's Motion for Administrative Expenses (the **"Toro Affidavit"**), and in the exhibits attached thereto.[2]

7. As indicated in the Toro Affidavit, Debtor ceased business operations in the Premises in the summer or fall of 2006 but continued in possession. Toro Aff. ¶ 4.

---

[1] Super Nova timely filed a Proof of Claim, Claim #22, for, *inter alia*, pre-petition and post-rejection arrears. The Proof of Claim and all exhibits annexed thereto are hereby incorporated in this Motion.
[2] All references herein to exhibits are made with respect to exhibits annexed to the Toro Affidavit.

2

8. On November 27, 2006, Super Nova commenced a nonpayment proceeding against Debtor in the Civil Court of the City of New York (L&T Index No. 101408/06), and Debtor defaulted in that proceeding. However, on February 2, 2007 (the **"Petition Date"**), and before Super Nova could evict Debtor from the premises, Debtor filed for bankruptcy. Toro Aff. ¶¶ 5-6.

9. The Lease expired of its own terms on February 28, 2007. *See* Lease, Ex. "2", at ¶ 1 of the Lease Modification. However, the Debtor and/or trustee, Ian Gazes, Esq. (**"Trustee"**),[3] continued to possess the Premises.

10. On behalf of Super Nova, I approached the Trustee to discuss a stipulation of surrender and joint application to this Court to lift the automatic stay. I followed up with a letter, dated March 27, 2007, annexed to the Toro Affidavit as Exhibit "3".

11. In the March 27 Letter, I wrote, "I sent you a draft of the proposed Stipulation of Surrender on March 26, 2007, as requested. You advised my associate that once you received the proposed Stipulation, and you were able to retrieve all of the records and books of Debtor from the premises, you *would immediately relinquish possession of the premises* located at 330 Seventh Avenue, New York, New York, *currently being held by Debtor*." March 27 Letter, Ex. "3", at 1 (emphasis added).

12. The Trustee never responded to my March 27 Letter.

13. Thus, Super Nova had little choice but to file a motion, dated March 30, 2007, to lift the "automatic stay" so that Super Nova could proceed with the eviction.

14. This Court granted an Order in Super Nova's favor on April 11, 2007 (the **"April 11 Order"**).

---

[3] The Trustee also has retained Mr. Gazes' law firm, Gazes LLC, in this Chapter 7 proceeding.

15. Even after the April 11 Order was granted, though, the Debtor and/or Trustee still did not vacate, nor did either ever surrender the keys to the Premises to Super Nova or to my law offices. Accordingly, Super Nova proceeded to oust Debtor by eviction on April 24, 2007. Toro Aff. ¶¶ 13-14.

16. From the Petition Date to the Eviction Date, Debtor incurred Post-Petition Arrears in the amount of $51,989.46 and caused Super Nova to expend $15,347.10 in Attorneys' Fees.

17. My law offices have been reaching out to the Trustee periodically in an effort to obtain payment of the significant amount owed to Super Nova. In reviewing the schedules submitted to this Court, we have determined that Super Nova is one of Debtor's largest creditors, if not the largest.

18. However, the Trustee, other than giving vague assurances that assets are being marshaled, has been unwilling to discuss payment, not only of Super Nova's general unsecured claim, but also of Super Nova's unmistakable entitlement to administrative rent under § 365(d)(3) of the Bankruptcy Code.

19. Indeed, in a conversation with my associate on January 7, 2009, Mr. Gazes took the remarkable position that Graphic Arts had "never been in possession" of the Premises post-petition, despite settled New York law to the contrary.

20. Thus, Super Nova has been forced, yet again, to expend time and money on needless motion practice because the Trustee has failed to "timely perform" the Debtor's obligations under § 365(d)(3) of the Code.

21. As described in full in the Super Nova's accompanying Memorandum of Law, Super Nova is entitled to be paid the Post-Petition Arrears and Attorneys' Fees from the

Debtor's assets, with interest in the amount of 9% per annum, as an administrative expense of the estate.

22. In short, Debtor and/or Trustee remained in possession without payment of rent after the Petition Date and forced Super Nova to evict Debtor. Now, Trustee refuses to perform, timely or otherwise, his obligations under the Bankruptcy Code pursuant to the Lease. At a minimum, such arrears, with interest, should be deemed an administrative expense of the estate.

WHEREFORE, for the reasons provided above, Super Nova is entitled to payment as administrative expenses equal to **$67,336.56**, equal to Post-Petition Arrears in the amount of $51,989.46, plus Attorneys' Fees in the amount of $15,347.10, with prejudgment interest.

Respectfully submitted,

ITKOWITZ & HARWOOD

By: _/s/_ Jay B. Itkowitz
    Jay B. Itkowitz (JBI-5349)
    Simon W. Reiff (SR-2356)
    305 Broadway, 7th Floor
    New York, New York 10007
    (646) 822-1801
    jitkowitz@itkowitz.com
    sreiff@itkowitz.com

*Attorneys for Creditor*
*Super Nova 330 LLC*