**Gazes LLC**
**Attorneys for the Chapter 7 Trustee**
**32 Avenue of the Americas, 27th Floor**
**New York, New York 10013**
**(212) 765-9000**
**Ian J. Gazes, Esq.**
**John Oliva, Esq.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

ASSOCIATION OF GRAPHIC
COMMUNICATIONS, INC.,

       Debtor.
------------------------------------------------------------x

Chapter 7

Case No. 07-10278(BRL)

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION BY**
**SUPER NOVA 330 LLC FOR PAYMENT OF ADMINISTRATIVE**
**EXPENSES PURSUANT TO BANKRUPTCY CODE §365(d)**

TO: HONORABLE BURTON R. LIFLAND
   UNITED STATES BANKRUPTCY JUDGE

   Ian J. Gazes (the "Chapter 7 Trustee"), the chapter 7 trustee of the estate of Association of Graphic Communications, Inc. (the "Debtor"), by his counsel Gazes LLC, submits this Objection to the motion of Super Nova 330 LLC ("Landlord") dated January 27, 2009 for the entry of an order directing the payment of administrative expenses arising out of an alleged unexpired lease of non residential real property pursuant to Bankruptcy Code §365(d)(3) (the "Motion").

**BACKGROUND**

   1. On February 2, 2007 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

**2.** On February 5, 2007, the Office of the United States Trustee appointed the Trustee to serve as interim Chapter 7 trustee of the Estate. The Trustee, duly qualified, is now serving as permanent trustee pursuant to Bankruptcy Code § 702(d).

3. Pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure, the Debtor was required to file its Schedules and Statements within 15 days after the Petition Date.

4. On February 20, 2007, the Debtor filed a motion pursuant to Bankruptcy Rule 1007(c) seeking an order of this Court granting the Debtor an extension of time to file its Schedules and Statements. On March 7, 2007, this Court entered an Order granting the Debtor's motion and extending the Debtor's time to file Schedules and Statements to March 13, 2007. The Debtor did not file its Schedules and Statements by March 13, 2007.

5. The section 341 meeting in the Debtor's case was scheduled for March 13, 2007. Prior to meeting, Debtor's counsel contacted the Trustee and inquired whether it was necessary for the Debtor to appear. The Trustee informed Debtor's counsel that the Debtor did indeed have to appear at the section 341 meeting.

6. The section 341 meeting was held on March 13, 2007, but neither the Debtor nor its counsel appeared. Four creditors attended the meeting.

7. On March 21, 2007, the Trustee filed a motion to dismiss the case based upon the Debtor's failure to file its Schedules and the Debtor's failure to appear at its scheduled section 341 meeting.

8. On April 9, 2007, the Debtor filed its Schedules and on April 11, 2007 the Debtor appeared at the adjourned section 341 meeting. Consequently, the Trustee withdrew his motion to dismiss the case.

9. The Debtor was a lessee under a lease of non-residential real property dated February 10, 1992 between the Four Star Holding Company c/o David Yagoda, the predecessor-in-interest to Landlord, and Association of the Graphic Arts, Inc., predecessor-in-interest to the Debtor, as amended by a Lease Modification and Extension Agreement dated February 11, 2002 entered into between the Landlord and the Debtor for office space located at 5 Penn Plaza, New York, New York (the "Premises").

10. As is reflected in the Motion, the Debtor ceased business operations at the Premises in the summer or fall of 2006 and the Landlord commenced a non-payment proceeding against the Debtor in the Civil Court of the City of New York bearing L&T Index No. 101408/06. Although, the motion alleges that the Debtor filed its petition before the Debtor could be evicted, it failed to mention that, as reflected in the Warrant of Eviction attached to the Motion as Exhibit "5", that the Warrant of Eviction was actually issued on February 1, 2007, the day before the Debtor filed its chapter 7 petition.

11. The Trustee never received the keys to the Premises and had to organize a meeting with the Landlord's representative to gain access for the limited purpose of removing records. The Trustee was never in possession of the premises or the keys to the premises.

## **ARGUMENT**

12. Landlord's Motion for payment of administrative rent under Bankruptcy Code §365(d)(3) is premised on the mistaken assumption that the Lease was an "unexpired" lease at the time of the Filing Date thus being subject to the provisions of Bankruptcy Code§ 365 relating to the assumption, rejection and assignment of executory contracts and unexpired leases. However, the Lease was terminated pre-petition by the issuance of the warrant of eviction by the New York City Civil Court on February 1, 2007 and is therefore (1) not capable of being

assumed, (2) would not need to be rejected, and (3) is not subject to the provisions of Bankruptcy Code §365(d)(3) requiring payment of post petition rent.

13. Bankruptcy Code §365(a) provides "(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." Bankruptcy Code §365(d)(3) further provides:

> (3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

Both subsections above refer to unexpired leases of property. "Under New York law, the issuance of a warrant of eviction cancels the lease between the parties and annuls the relationship of landlord and tenant. *See* N.Y. RPAPL § 749(3). *In re Sanshoe Worldwide Corp.*, 139 Bankr. 585, 594 (S.D.N.Y. 1992), *aff'd* 993 F.2d 300 (2d Cir. 1993); *Radol v. Centeno*, 165 Misc. 2d 448, [**15] 627 N.Y.S.2d 887 (N.Y. Civil Ct. 1995). The filing of a bankruptcy petition does not resurrect a lease, and a bankruptcy court does not have power to resurrect a lease which was terminated prior to the filing of the lessee's bankruptcy petition. *In re Darwin*, 22 Bankr. 259 (Bankr. E.D.N.Y. 1982)." *Bell v. The Alden Owners, Inc. (In re Bell),* 199 B.R. 451, 458 (S.D.N.Y. 1996). The District Court in the *Bell* case affirmed the Bankruptcy Court's finding that the Debtor's lease was terminated pre-petition by the issuance of the warrant of eviction and

4

accordingly the lease was not assumable and that the landlord was entitled to relief from the automatic stay. The *Bell* Court, relying on the decision of the Second Circuit Court of Appeals in *In re Sanshoe Worldwide Corp.*, 139 B.R,. 585, 594 (S.D.N.Y. 1992), *aff'd* 993 F.2d 300 (2d Cir. 1993) quoted N.Y. RPAPL § 749(3) which provides in pertinent part: "the issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate the warrant for good cause shown prior to the execution thereof." Despite the language of N.Y. RPAPL § 749(3) reserving the power of the court to vacate a warrant of eviction, the Second Circuit in the *Sanshoe* case clearly held that the **issuance** of the warrant of eviction cancelled the lease and the landlord-tenant relationship.

14. The Second Circuit decision in the *Sanshoe* case recognized that "New York Law provides that the issuance of a warrant of eviction cancels a lease, but that a court may vacate the warrant prior to its execution upon a showing of good cause, See, New York Real Property Actions and Proceedings Law §749(3), and good cause is established when the landlord fails "to accept a proper tender of rent made prior to the issuance of a warrant." *Sanshoe,* 993 F.2d at 304. In *Sanshoe*, the Court held that the lease had not terminated pre-petition as the Debtor had tendered and the Landlord had accepted the rent in question **prior** to the issuance of the Warrant of eviction. **The warrant of eviction in this case was clearly issued on February 1, 2007, the day before the Debtor filed its chapter 7 petition and Landlord has not alleged any facts that would have nullified the warrant of eviction**.

15. The Landlord argues that because the Debtor left various items of personal property in the premises when it ceased its business operations several months pre-petition, that it became a holdover tenant upon the expiration of the lease by its terms post-petition on

5

February 28, 2007 and as such was an unexpired lease for the purposes of Bankruptcy Code §365(d)(3).[1] This ignores the fact that the lease was terminated pre-petition under state law by the issuance of the warrant of eviction. The cases cited by the Landlord imply that as long as there is some possibility of vacating the warrant of eviction under state law at the time of the filing of the bankruptcy petition, that it remains a valid lease. In both *In re P.J. Clarke's Restaurant Corp.,* 265 B.R. 392, 398 (Bankr. S.D.N.Y. 2001) and *In re Stoltz,* 197 F.3d 625 (2d Cir 1999)[2] the respective courts determined that the leases in question had not been terminated pre-petition as the respective Debtors could have reinstated the leases as the warrants of eviction (or writ of possession in Vermont) had not been issued at the time of the bankruptcy filing. The *Stoltz* Court stated that "We are of the view that under Vermont law, a debtor who retains a possessory interest in a residential tenancy has an "unexpired" lease at least **until** the writ of possession is issued.[emphasis added]" *Stoltz,* 197 F.3d at 631. The courts have expressed a desire to create a certain event that will determine whether a lease has been terminated for the purposes of Bankruptcy Code §365 and that date is the issuance, not the execution, of a warrant of eviction. Accordingly, there was no lease to assume or reject under Bankruptcy Code §365(a) and concomitantly no post-petition rental obligations under an unexpired lease.

16. The Landlord goes on to cite numerous cases that discuss the provisions of Bankruptcy Code §365(d)(3) but those cases are not relevant here as there is no unexpired lease present. At best, the Landlord could possibly argue that any alleged post-petition possession by the Debtor's estate could give rise to an administration claim under Bankruptcy Code §503(b) but it has not made such a claim. Landlord would then have to establish a benefit to the estate. Despite Landlord's assertions to the contrary in its Motion, the Trustee never had possession of

---

[1] Landlord also claims to be owed interest, clean up costs and attorneys fees as part of its asserted Bankruptcy Code§365(d)(3) claim.
[2] The *Stoltz* decision dealt with Vermont law.

the Premises. The Debtor had never provided the Trustee with the keys to the Premises and the Landlord had refused to grant access to the Premises to the Trustee. In fact, Mr. Itkowitz's letter dated March 27, 2007 to the Trustee which is annexed to the Motion as Exhibit "3" clearly reflects that the Landlord was in possession of the Premises as he stated "We are willing to allow you access to the Premises first thing tomorrow morning, provided you send us a signed Surrender by tomorrow at the end of business." The Landlord clearly had control of the Premises and was only willing to give the Trustee limited access limited to one day on virtually no notice at all to remove any books and records. The Debtor at this point had not filed its schedules nor appeared for a meeting of creditors pursuant to Bankruptcy Code §341 so the Trustee did not even know what books and records or other assets were even at the Premises. The Landlord did not even give the Trustee a chance to respond to the March 27, 2007 letter as it filed its motion for relief from the automatic stay the following day. The Trustee did not oppose the Landlord's motion for relief from the automatic stay.

17. The Landlord's claims for attorneys fees and interest related to the amounts alleged to be due post-petition are also made under Bankruptcy Code §365(d)(3) which, as discussed *supra,* is not applicable here as the Lease terminated pre-petition upon the issuance of the warrant of eviction. The Debtor cites to *In re Westview74th Street Drug Corp.,* 59 B.R. 747 (Bankr. S.D.N.Y. 1986) for the proposition that it should be entitled to attorneys fees and interest under Bankruptcy Code §365(d)(3). However, a reading of the *Westview* case reflects that the court awarded the attorneys fees and interest as part of the cure requirements for the Debtor to assume the lease with its landlord under Bankruptcy Code §§365(a) and (b). In the case at bar, the lease had terminated pre-petition by the issuance of the warrant of eviction and the Landlord actually was in possession of the premises so the award of attorneys fees and

7

interest are not warranted where there is no valid lease which provides for such items. Accordingly, in addition to denying the Landlord's Motion for payment of the asserted administration claim, the Trustee respectfully requests that the court expunge the unsecured priority portion of Landlord's proof of claim dated July 7, 2007 (Claim No. 22) in the amount of $51,989.46 with a reservation of the Trustee's right to object to the unsecured portion of that claim relating to pre-petition rent.

WHEREFORE, the Chapter 7 Trustee respectfully requests that the Court enter an order denying the Motion in all respects and granting such other and further relief as may seem just.

Dated: New York, New York
February 19, 2009

Respectfully submitted,
Gazes LLC

By: John E. Oliva_____
John E. Oliva (JO-5698)
32 Avenue of the Americas, 27th Floor
New York, New York 10013
(212) 765-9000

*Attorneys for Ian J. Gazes, Chapter 7 Trustee
Of Association of Graphic Communications, Inc.*