60387/00052744

HEARING DATE: June 16, 2010, at 10:00 a.m. Eastern Standard Time
OBJECTION DEADLINE: June 2, 2010, at 4:00 p.m. Eastern Standard Time

Jay B. Itkowitz (JBI-5349)
Simon W. Reiff (SR-2356)
ITKOWITZ & HARWOOD
305 Broadway, 7th Floor
New York, New York 10007
(646) 822-1803
jitkowitz@itkowitz.com
sreiff@itkowitz.com

*Attorneys for Landlord*
*Super Nova 330 LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                   Chapter 7

Association of Graphic Communications, Inc.,             Case No. 07-10278 (BRL)

                                  Debtor.
-------------------------------------------------------------X

**SUPER NOVA 330 LLC'S MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF <u>SUPER NOVA'S CROSS-MOTION TO AMEND</u>**

<u>**Introduction**</u>

Super Nova 330 LLC (**"Super Nova"** or **"Landlord"**), by its attorneys Itkowitz & Harwood, respectfully submits this memorandum of law in opposition to the motion for summary judgment (**"Summary Judgment Motion"**), Docket No. 55, brought by the chapter 7 trustee herein, Ian J. Gazes (**"Trustee"**), in connection with Super Nova's prior motion for administrative expenses (the **"Expenses Motion"**), Docket No. 38, and in support of Super Nova's cross-motion to amend the Expenses Motion.

As set forth below, and in the accompanying Declaration of Simon W. Reiff (**"Reiff Decl."**) and Counter-Statement of Material Facts, this Court should deny the Summary Judgment Motion because triable issues of fact plainly remain. On February 24, 2009, this Court converted Super Nova's Expenses Motion, which seeks administrative rent for the Debtor's and/or Trustee's use and occupancy of the subject premises (the **"Premises"**) during the post-petition, pre-eviction period, to a contested matter, expressly because the issue of whether the Trustee and/or Debtor was in possession was "a matter of he said/she said" (Transcript of February 24, 2009 Hearing, at 3:21-22). The Trustee concedes that the factual issue of whether the Trustee and/or Debtor was in possession remains contested, *see* Trustee's Motion For Summary Judgment, at ¶ 18, but seeks summary judgment anyway based on a tortured and incorrect reading of Bankruptcy Code § 365(d) and pertinent case law. To put the matter to rest, however, Super Nova is moving herewith to amend the Expenses Motion to explicate that, by seeking administrative rent for use and occupancy on the alternative ground that the Trustee and/or the Debtor was a holdover tenant, such a theory of recovery arises under § 503(b)(1)(A) of the Bankruptcy Code.

In short, if this Court views the conflicting evidence as to possession in a light most favorable to Super Nova (as this Court must on a Rule 56 motion for summary judgment), the Court must then conclude for purposes of this motion that the Trustee and/or Debtor were in possession of the Premises in the post-petition, pre-eviction period, and must further conclude as a matter of law that Super Nova would be entitled to administrative rent pursuant to § 365(d), contrary to the Trustee's assertions. Moreover, even if this Court were to hold that Super Nova's entitlement to administrative rent in

such circumstances did not arise under § 365(d), Super Nova would in any event be entitled to administrative rent under § 503(b)(1)(A) if Super Nova were to prove at trial that the Trustee and/or Debtor remained in possession in the post-petition, pre-eviction period.

Given that the central issue of possession remains unresolved even after discovery, the Court should deny the Trustee's Summary Judgment Motion, grant Super Nova's cross-motion to amend the Expenses Motion to permit an alternative basis for recovery of administrative rent under § 503(b)(1)(A) (the **"Cross-Motion"**), and set this contested matter down for trial.

## Jurisdiction and Venue

This Court has jurisdiction over the instant Summary Judgment Motion and Cross-Motion pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408-09. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## Procedural History and Factual Background

### Undisputed Facts[1]

Debtor was a lessee under a lease of non-residential real property dated February 10, 1992 between Four Star Holding Company c/o David Yagoda, predecessor-in-interest to Super Nova, as landlord, and Association of the Graphic Arts, Inc., predecessor-in-interest to Debtor, as tenant, as amended by a Lease Modification and Extension Agreement dated February 11, 2002 (the **"Lease"**), for a portion of the 9th Floor (the **"Premises"**) in the building known as 330 Seventh Avenue, New York, New York (the **"Building"**), which Lease would have expired by its terms on February 28,

---

[1] The facts, both disputed and undisputed, are taken from the Trustee's Statement of Material Facts and Super Nova's Counter-Statement of Material Facts.

3

2007. In the summer or fall of 2006, Debtor ceased business operations at the Premises and stopped paying rent. Super Nova served a demand for rent on Debtor on October 13, 2006; when no payment was forthcoming, Super Nova commenced a non-payment proceeding in the Civil Court of the City of New York, County of New York (L&T Index No. 101408/06). Debtor defaulted in the Civil Court proceeding, and Super Nova obtained a judgment of possession and warrant of eviction dated February 1, 2007, the day before the Debtor filed its chapter 7 petition.

On or about February 2, 2007 (the **"Petition Date"**), the Association of Graphic Communications, Inc. (**"Debtor"**) filed a voluntary petition under chapter 7 of the United States Bankruptcy Code. On February 5, 2007, the Office of the United States Trustee appointed the Trustee to serve as interim trustee in the case. The Trustee has duly qualified and now serves as the permanent Trustee.

On March 28, 2007, Super Nova brought a motion, Docket No. 14, seeking relief from the automatic stay to permit it to conclude its eviction of the Debtor from the Premises (the **"Lift Stay Motion"**). The motion was unopposed, and this Court, without making any findings of fact or conclusions of law, entered an Order, dated April 11, 2007 (Docket No. 22), granting the Lift Stay Motion. The Marshal executed on the warrant of eviction on April 24, 2007 (the **"Eviction Date"**). Super Nova also timely filed a Proof of Claim (Claim No. 22), on July 6, 2007, asserting a general unsecured claim for pre-petition rent, clean-up costs, and legal fees pursuant to the Lease, and asserting an unsecured priority claim for arrears arising post-petition.

On January 27, 2009, Super Nova brought the Expenses Motion, Docket No. 38, seeking payment for administrative rent. The Trustee, as well as Debtor's

4

counsel, opposed the Expenses Motion (Docket Nos. 41, 43).  This Court conducted a hearing on February 24, 2009, at which time the Expenses Motion was converted to a contested matter in light of the fact that the issue of whether the Trustee and/or Debtor was in possession was "a matter of he said/she said" (Transcript of February 24, 2009 Hearing, at 3:21-22).  The Trustee and Super Nova then engaged in discovery, as directed by the Court, including the exchange of documents and taking of depositions.

## Disputed Facts

The parties sharply disagree as to whether the Debtor possessed the premises as of the Petition Date and whether the Trustee and/or Debtor continued to possess the Premises between the Petition Date and the Eviction Date.  In particular, Super Nova asserts the following:

- Neither the Debtor nor the Trustee ever surrendered keys to Super Nova.

- Following the Petition Date, the Trustee did not vacate, and continued to possess the Premises until ousted by eviction.

- The Trustee continued to use and occupy the Premises until the Eviction Date, and despite visiting the Premises after the Eviction Date, the Trustee and/or Debtor (and/or their representatives) abandoned a substantial amount of debris in the Premises.

- Vicky Keenan, on behalf of the Debtor, was with the Trustee on all occasions that the Trustee and/or its representatives visited the Premises.

- As of the Eviction Date, the Debtor's personal property had not been removed from the Premises.

- Super Nova did not have access to the Premises prior to the Eviction Date because the Debtor never gave Super Nova master keys.

5

The Trustee asserts that he never had possession of either the keys or the Premises.

**<u>Argument</u>**

Under Federal Rule of Civil Procedure (**"Rule"**) 56, made applicable to this contested matter pursuant to Federal Rule of Bankruptcy Procedure (**"Bankruptcy Rule"**) 7056, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Morenz v. Wilson-Coker*, 415 F.3d 230, 234 (2d Cir.2005); *In re Worldcom, Inc.*, 357 B.R. 223, 230 (Bankr. S.D.N.Y. 2006).

The moving party bears the burden of demonstrating the absence of any genuine issue of material fact, and all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also In re Ames Dep't Stores, Inc.*, 161 B.R. 87, 89 (Bankr. S.D.N.Y. 1993). A fact is considered material if it might affect the outcome of the suit under governing law. *See Anderson,* 477 U.S., at 248. "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine

issue of fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *In re WorldCom, Inc.*, 377 B.R. 77, 85 (Bankr. S.D.N.Y. 2007).

I

**THE TRUSTEE'S SUMMARY JUDGMENT MOTION SHOULD BE DENIED BECAUSE SUPER NOVA IS IN FACT ENTITLED TO ADMINISTRATIVE RENT UNDER § 365(D) OF THE BANKRUPTCY CODE. THE FACT THAT THE LEASE WAS TERMINATED PRE-PETITION DOES NOT AFFECT SUPER NOVA'S RIGHT TO PAYMENT FOR THE TRUSTEE'S USE AND OCCUPANCY OF THE PREMISES AS AN <u>ADMINISTRATIVE EXPENSE OF THE ESTATE.</u>**

As noted in the original Expenses Motion, in *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 392, 398 (Bankr. S.D.N.Y. 1999), the Bankruptcy Court held that a commercial lessor was entitled to administrative rent for use and occupancy despite a *pre-petition* state court determination that the lease had expired. The *P.J. Clarke* court further noted that in this Circuit, a lease is "unexpired" if such lease "can" be reinstated under state procedures, *id.* (citing *In re Stoltz*, 197 F.3d 625 (2d Cir. 1999)). Indeed, in *Stoltz*, the lease in question had expired of its own terms prior to vacatur and the debtor-tenant had failed to tender rent. *Stoltz*, 197 F.3d, at 631. However, the *Stoltz* court deemed the lease "unexpired" because the tenant *could* have created a month-to-month tenancy under Vermont law by tendering rent. *Id.* Similarly, in New York, a month-to-month tenancy is created when a tenant whose term is longer than a month holds over after the expiration of the term and the landlord accepts rent thereafter. *See* Real Prop. L. § 232-c (McKinney's 2009); *see also Zobe, LLC v. United Northern Bancshares, Ltd.*, 251 A.D.2d 237 (1st Dept. 1998). Hence, the instant Lease should be deemed "unexpired" because a month-to-month tenancy could have been created had the Debtor

7

and/or Trustee tendered rent after the Expiration Date. (Alternatively, the Lease should be deemed "unexpired" because it could have been reinstated by resorting to state law mechanisms. *See*, *e.g.*, N.Y. C.P.L.R. 5519(a)(6) (McKinney's 2010)).

Counsel for the Trustee attempts to distinguish *P.J. Clarke's* and *Stoltz* on the ground that the warrants of eviction had not been issued at the time of the bankruptcy filing. The *P.J. Clarke's* discussion of this issue is instructive:

> ***[T]here is persuasive authority that a lease is "unexpired" for purposes of § 365(d)(3) if it has been terminated prepetition but can still be reinstated in accordance with State procedures.*** In *In re Stoltz,* 197 F.3d 625 (2d Cir.1999), the Second Circuit construed the term "unexpired" in a Vermont case where the debtor had also suffered an adverse State court decision. The court looked to the applicable State law and found that "a debtor who retains a possessory interest in a residential tenancy has an 'unexpired' lease at least until the writ of possession [the applicable writ in Vermont] is issued." *Id.* at 631. In reaching this decision the Court of Appeals noted that the debtor had filed for bankruptcy prior to the issuance of a writ of possession and before the time to appeal the judgment of possession had expired. *Id.* at 630. The Court expressly left open the question whether the lease would be deemed "unexpired" if the writ of possession had been issued at the time of the bankruptcy filing but had not been executed. But it cited with approval a Vermont case, *Couture v. Burlington Housing Authority (In re Couture),* 225 B.R. 58, 65 (D.Vt.1998), that held that "a Vermont tenant can avoid eviction by paying rental arrearage before execution of writ of possession." 197 F.3d at 631. And it relied on a Seventh Circuit decision that held, in the words of the Second Circuit, 197 F.3d at 630, that "a lease is not considered to be expired for purposes of the [Bankruptcy] Code by a judgment of possession where tenant has power to revive [the] lease under applicable state law." *Robinson v. Chicago Housing Authority,* 54 F.3d 316, 321 (7th Cir.1995). *See also Hart Environmental Mgmt,*

8

> *Corp. v. Sanshoe Worldwide Corp. (In re Sanshoe Worldwide Corp.),* 993 F.2d 300, 304 (2d Cir.1993), where the Circuit Court stated that "there was no termination of either the underlying lease" or a sublease where the tenant had tendered the rent prior to the issuance of the warrant and could, under State law, reinstate the tenancy.
>
> ***In this case the Civil Court decision***, holding that the Lease had earlier terminated pursuant to a conditional limitation clause, was rendered prior to the bankruptcy and ***may be equivalent to the issuance of a "writ of possession" under Vermont law or a "warrant of eviction" under New York law. But there is no question here that a reversal by the State appellate court of the Civil Court decision would "reinstate" the tenancy and the Lease.*** There may also be other grounds on which to reinstate the Lease under applicable State law, a question that has not been considered by the parties. Indeed, in the instant case, a warrant of eviction had not been issued at the time of the Chapter 11 filing, and a judgment had not been entered. The Lease, if reinstated, would still have 11 years to run, and the Debtor has far greater rights than a holdover with merely a naked right of possession and nothing more. ***Under these circumstances, where the Debtor is still in possession and can reinstate its rights under the Lease under applicable State law, the Lease is "unexpired" for purposes of § 365.*** *In re Stoltz, supra,* 197 F.3d at 630-31; *Robinson v. Chicago Housing Authority, supra,* 54 F.3d at 321.

*In re P.J. Clarke's*, 265 B.R., at 398-99 (emphasis added).

Likewise, the Trustee's citation to *In re W.A.S. Food Service Corp.*, 49 B.R. 969 (Bankr. S.D.N.Y. 1985), actually undercuts his position. There, the debtor-in-possession sought to assign its commercial lease, and the landlord objected, asserting that "the subject lease could not be assumed[,] having been terminated prior to the filing of the Chapter 11 petition as a result of the pre[-]petition consensual issuance of a warrant of eviction by the Civil Court of the City of New York." *Id.* Although the *W.A.S.* court

held in favor of the landlord that the subject lease could not be assumed or assigned, the *W.A.S.* court *simultaneously* held that the lease *could* be assumed and/or assigned if a vacatur of the warrant of eviction were obtained from the state court. *Id.* In fact, as the Trustee acknowledges (*see* Trustee's Memorandum of Law, at 7), the *W.A.S.* court continued the automatic stay precisely so that the trustee could seek to vacate the warrant of eviction in state court. *See W.A.S.*, 49 B.R., at 973.

The upshot of these cases is that although a lease may not be assumed or assigned if terminated pre-petition, a terminated lease remains "unexpired" for purposes of § 365(d) of the Bankruptcy Code if the debtor (or trustee) remains in possession and the lease *could* be reinstated under applicable state law.[2] Moreover, as noted in the Expenses Motion at p. 9, n. 7:

> Bankruptcy Courts in this Circuit repeatedly have held that even in the event that debtor vacated the premises, the debtor nonetheless is responsible for use and occupancy until the rejection date. *See In re Sandra Rothman, SLP, P.C.*, 2007 WL 2261609, at *7 (E.D.N.Y. Bankr. Aug. 2, 2007) (stating that "[t]he overwhelming majority of case law is clear that § 365(d)(3) applies even where the debtor has vacated the premises prior to rejection" and citing, among others, *In re Wingspread Corp.*, 116 B.R. 915, 925 (S.D.N.Y. Bankr. 1990)).

As of the Petition Date, the Lease *could* have been reinstated under applicable state law, including by appealing the judgment of possession, *see* N.Y. C.P.L.R. § 5519(a)(6) (McKinney's 2010); and, a factual issue remains as to whether the Debtor was in possession as of that date. Hence, the Trustee plainly is not entitled to summary judgment as a matter of law, since a triable issue of material fact remains as to

---

[2] We are not aware of any decisions from the Bankruptcy Courts in this Circuit (or any other) holding that the debtor's *likelihood* of restoring the leasehold is a relevant factor in this analysis. All the decisions cited make clear that if it is *possible* for the tenant to restore the leasehold through *any* state-law mechanism, then the lease is considered "unexpired" for purposes of § 365(d).

10

whether the Debtor was in possession of the Premises as of the Petition Date (and a further issue remains as to whether the Trustee remained in possession until the Eviction Date).

## II

**THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT LIKEWISE SHOULD BE DENIED BECAUSE THE DOCTRINES OF JUDICIAL AND/OR COLLATERAL ESTOPPEL ARE COMPLETELY INAPPLICABLE HERE.**

In further support of his Summary Judgment Motion, the Trustee asserts for the first time that the doctrines of judicial estoppel and/or collateral estoppel bar Super Nova from asserting that the Lease is "unexpired" for purposes of § 365(d). This argument is utterly without merit and should be rejected.

Collateral estoppel is only applicable in cases in which, *inter alia*, "there was a final judgment on the merits in prior litigation." *In re Thomas*, Not Reported in B.R., 2007 Bankr. LEXIS 2006, 2007 WL 1655669, at *4 (Bankr. S.D.N.Y. June 4, 2007) (cited in Trustee's Memorandum of Law, at 9). Similarly, "the doctrine of judicial estoppel … 'applies only if the party against whom the estoppel is claimed actually obtained a judgment as a result of the inconsistent position.'" *In re Thomas,* 2007 WL 1655669, at *7 (cited in Trustee's Memorandum, at 8).

There was no final judgment in this case or any other, except for the default judgment of possession in the landlord-tenant proceeding in Civil Court. The April 11, 2007 Order of this Court, Docket No. 22, plainly made no findings of fact or conclusions of law "on the merits." And there has been no "prior litigation" other than the landlord-tenant proceeding in Civil Court. The Trustee's assertion that collateral

and/or judicial estoppel applies to bar Super Nova's motion for administrative expenses is simply frivolous.

Even assuming, *arguendo*, that the doctrines of judicial and/or collateral estoppel applied to this *same* proceeding, the Trustee's argument would remain without merit. Super Nova made several arguments in the alternative in its Lift Stay Motion; the Court, without deciding which argument (if any) was persuasive, granted that motion. Moreover, the language cited by the Trustee from Super Nova's memorandum in support of the Lift Stay Motion does *not* say that the Lease was "expired" as of the Petition Date, so Super Nova's position in the Expenses Motion that the Lease was "unexpired" as of the Petition Date is consistent with its prior position in the Lift Stay Motion.

Finally, and in any event, the Trustee never asserted the doctrines of judicial and/or collateral estoppel in his objection to the Expenses Motion. Rule 8, which is made applicable to this contested matter by Bankruptcy Rule 7008(a), requires a party to assert affirmative defenses, including estoppel, in its pleadings. FED. R. CIV. P. 8(c); *see*, *e.g.*, *United States v. Continental Illinois National Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1253 (2d Cir. (N.Y.) 1989) ("Failure to plead an affirmative defense in the answer results in 'the waiver of that defense and its exclusion from the case.'") (quoting *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984) (in turn quoting 5 C. Wright & A Miller, Federal Practice and Procedure § 1278, at 339 (1969))). Accordingly, the Trustee waived any affirmative defenses based on estoppel.

### III

**SUPER NOVA'S CROSS-MOTION TO AMEND THE EXPENSES MOTION SHOULD BE GRANTED BECAUSE SUPER NOVA ALTERNATIVELY IS ENTITLED TO ADMINISTRATIVE RENT UNDER §**

**503(B)(1)(A) OF THE BANKRUPTCY CODE. MOREOVER, THE AMENDMENT WOULD NOT PREJUDICE THE TRUSTEE.**

It is settled that leave to amend should be given "freely" and should be denied only if the amendment would be "futile". FED. R. CIV. P. 15(a)(2); *see*, *e.g.*, *Capitol Records, Inc. v. MP3tunes, LLC*, Case No. 07-cv-9331 (WHP), 2009 WL 3364036, at *4 (S.D.N.Y. Oct. 16, 2009); *Rivers v. City of Rochester*, Case No. 06-cv-6391L (JWF), 2010 WL 1408003, at *2 (W.D.N.Y. Mar. 30, 2010) (quoting *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000), for the proposition that "leave to amend a pleading should be freely granted absent a showing of 'excessive delay, prejudice to the opposing party, or futility.'"). The Court's discretion to grant or deny a proposed amended pleading "must be exercised in terms of a justifying reason or reasons consonant with the liberalizing 'spirit of the Federal Rules .'" *See United States v. Continental Illinois National Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. (N.Y.) 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Delay, standing alone, is not a sufficient basis to deny leave to amend. *See Continental Illinois*, 889 F.2d, at 1254 (citing *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 845 (2d Cir. 1981)).

Here, as in *Continental Illinois*, Super Nova has made clear throughout the proceedings that it is seeking administrative rent for the Trustee's and/or Debtor's alleged occupancy of the Premises during the post-petition, pre-eviction period. Although the Expenses Motion cited only § 365(d) as a statutory basis for an award of administrative rent, the Expenses Motion also and alternatively described the Trustee as a "holdover" tenant. In fact, "Judge [Learned] Hand's own solution was to treat the trustee as a

13

holdover tenant." *In re Sturgis Iron & Metal Co., Inc.*, 420 B.R. 716, 730 (Bankr. W.D.Mich. 2009) (citing *In re Manhattan Piggly-Wiggly Corp.*, 296 F. 944, 945 (S.D.N.Y. 1923)). In subsequent, post-Code cases, courts held that the lessor was entitled to receive administrative expense priority for the reasonable value of the debtor's (or trustee's) use and occupancy of the premises. *See*, *e.g.*, *Dallas-Fort Worth Regional Airport Board v. Braniff Airways, Inc.*, 26 B.R. 628, 631 (5th Cir. 1982) (noting that the contractual rental rate is presumed to be the reasonable and appropriate rate). Such entitlement arises under § 503(b)(1)(A) as an "actual, necessary cost[] and expense[] of preserving the estate[.]" Code § 503(b)(1)(A); *see Sturgis*, 420 B.R., at 734. Of course, it also arises under § 365(d) in the case of unexpired leases. *See In re Financial News Network, Inc.*, 149 B.R. 348, 353 (Bankr. S.D.N.Y. 1993) (citing *In re First Alliance Corp.*, 140 B.R. 531, 533 (9th Cir. B.A.P. 1992), for the proposition that § 365(d)(3) and § 503(b)(1)(A) give lessors an administrative claim for post-petition use and occupancy); *and see In re Cardinal Export Corp.*, 30 B.R. 682, 684 (Bankr. E.D.N.Y. 1983) (citing 3 *Collier on Bankruptcy* ¶ 503.04[1][a], at p. 503-15 (15th ed. 1983), for the proposition that "[o]ccupancy by the trustee of the premises from which the debtor was operating gives rise to administrative liability … to the extent and for the period that the trustee actually uses and occupies the premises.").

Thus, the Trustee can hardly claim that he is in any way surprised or unprepared for the proposed amended pleadings (copies annexed to the Reiff Declaration as Exhibit "A"). On the contrary, the factual and legal issues arising under § 503(b)(1)(A) are nearly identical. No additional discovery ought to be required. And certainly, the alternative statutory basis for Super Nova's claim for administrative rent

would not be futile. There is no ascertainable reason for the Court to deny leave to amend.

Accordingly, although Super Nova maintains that it is entitled to relief under § 365(d), Super Nova herewith seeks leave to amend the pleadings so as to add an alternative basis for relief under § 503(b)(1)(A).

## **Conclusion**

For the reasons set forth above, Super Nova respectfully submits that the Trustee's motion for summary judgment should be denied, that Super Nova's cross-motion to amend its prior motion for administrative expenses should be granted, and that the matter should be set down for trial.

Dated: New York, New York
May 12, 2010

ITKOWITZ & HARWOOD

By: /s/ Simon W. Reiff
   Jay B. Itkowitz (JBI-5349)
   Simon W. Reiff (SR-2356)
   305 Broadway, 7th Floor
   New York, New York 10007
   (646) 822-1803
   jitkowitz@itkowitz.com
   sreiff@itkowitz.com

*Attorneys for Landlord*
*Super Nova 330 LLC*